## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HAI THAHN NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-489-SLP |
| | ) | |
| TODD BLANCHE, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## **O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 12] of United States Magistrate Judge Shon T. Erwin, recommending the denial of habeas relief pursuant to 28 U.S.C. § 2241.  Petitioner has filed an Objection [Doc. No. 13].  Respondents did not file a response to the objection.  The matter is at issue.  For the reasons that follow the Court respectfully DECLINES TO ADOPT the recommendation of the Magistrate Judge and finds that habeas relief should be GRANTED.

### I.    **Background**

Petitioner, a noncitizen and national of Vietnam, entered the United States in 1993 at the age of eight years old.  Petitioner became a permanent resident on May 13, 2005.  On November 19, 2007, following a criminal conviction, an Immigration Judge ordered

---

[1] Markwayne Mullin was confirmed as Secretary of the Department of Homeland Security on March 23, 2026.  He replaces Kristi Noem and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).  Todd Blanche was announced as Acting Attorney General on April 2, 2026.  He replaces Pamela Bondi and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

Petitioner removed.  On January 7, 2008, Petitioner was released from ICE custody under an Order of Supervision (OOS).  At Petitioner's regular ICE check-in on March 2, 2026, ICE officials revoked Petitioner's OOS and re-detained him.  When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma, where he currently remains.[2]

On March 13, 2026, Petitioner filed this action, claiming a violation of due process rights under the Fifth Amendment of the United States Constitution and a violation of regulations under 8 C.F.R. §§ 241.4 and 241.13.  Petitioner claims that ICE unlawfully detained him without complying with their own regulations.  Petitioner further claims that the Respondents' continued detention of him violates his Fifth Amendment due process rights.  As relief, Petitioner requests immediate release from custody.

## II.   Discussion

### a.   Under § 241.13, ICE bears the burden to show changed circumstances exist upon re-detention, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.

Pursuant to § 241.13, absent a violation of the conditions of supervised release, ICE must demonstrate, "on account of changed circumstances, [ICE] determine[d] that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future" before re-detaining an alien who has been released on an OOS.  8 C.F.R. § 241.13(i)(1)-(2).  In their Response to the Petition [Doc. No. 10], the Respondents argue that under § 241.13, Petitioner bears the burden of proving that there is "no significant likelihood of

---

[2] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited June 3, 2026).

removal to the country to which he or she was ordered removed . . . in the reasonably foreseeable future." [Doc. No. 10] at 8.  This is incorrect.  This Court, and several other courts across the country, have held that ICE bears the burden of proving that there is a significant likelihood of removal in the foreseeable future upon an alien's re-detention.  8 C.F.R. § 241.13(i)(2); *see also Pham*, 2025 WL 3243870 at *2 (citations omitted); *see also Khaddaj v. Grant,* No. CIV-26-273-SLP, 2026 WL 1432690, *2 (W.D. Okla. May 21, 2026).

> i.      **Petitioner did not waive his changed circumstances argument.**

In the R&R, the Magistrate Judge asserts that although Petitioner raises a changed circumstances argument in his Reply, he fails to raise it in his Petition, and therefore the argument is waived and does not need to be addressed.  [Doc. No. 12] at 8-9.  The Court respectfully disagrees with the Magistrate Judge.  As the Petitioner notes in his objection [Doc. No. 13], Petitioner raises the changed circumstances argument several times in his Petition.  For example, in the introduction of his Petition, Petitioner states that his removal "is not reasonably foreseeable because he is a citizen of Vietnam that arrived in 1993 and does not have travel documents."  [Doc. No. 1] at 2.  The Petitioner further lays the legal framework for this contention, noting that under § 241.13, release may only be revoked "on account of changed circumstances, [ICE] determines that there is now significant likelihood of removal in the reasonably foreseeable future."  [Doc. No. 1] at 7.  Later, Petitioner notes that upon re-detention, the burden of proof is on the Respondent to demonstrate that "changed circumstances now establish a significant likelihood of removal in the reasonably foreseeable future."  [Doc. No. 1] at 9.  Petitioner further asserts that upon

3

his re-detention, ICE did not "t[ell] Petitioner there is a 'significant likelihood' of his imminent removal." Petitioner goes on to explain how courts have recognized that "Vietnam does not issue travel documents to pre-1995 immigrants" further boosting his argument that no changed circumstances occurred when Petitioner was re-detained. [Doc. No. 1] at 9. Notably, in their Response, Respondents respond to Petitioner's changed circumstances argument to show that changed circumstances had occurred when they re-detained Petitioner. [Doc. No. 10] at 7 & 9.

Based on the evidence above, the Court holds that the Petitioner properly asserted his changed circumstances argument. The argument was addressed in the Petitioner's Petition, the Respondent's Response, and finally in the Petitioner's Reply. The changed circumstances argument therefore is at issue and must be addressed by the Court.

### ii. ICE failed to meet their burden of proving changed circumstances existed at the time of Petitioner's re-detention.

As stated *supra*, the Respondents bear the burden of proving, upon Petitioner's re-detention, that changed circumstances now establish a significant likelihood of removal in the reasonably foreseeable future. In the present case, the Respondents fail to meet their burden.

To prove a change of circumstances existed when ICE re-detained Petitioner, the Respondents present the following evidence: (1) "DHS removed only 58 people to Vietnam in Fiscal Year 2024, that number increased to 699 people in Fiscal Year 2025, and to 747 people in Fiscal Year 2026 as of only April 1, 2026," and (2) "ICE Enforcement and Removal Operations ("ERO") requested documents for Petitioner from the Vietnamese

4

Consulate on March 25, 2026." [Doc. No. 10] at 7.  These arguments fail to prove that there is a significant likelihood of removal in the foreseeable future.  First, as this Court has held, "a general indication that removals to the country in which a Petitioner is originally from does not satisfy § 241.13(i)(2)."  *Khaddaj*, 2026 WL 1432690 at *2 (citations omitted).  Simply because the United States has been removing more subjects to Vietnam, does not mean that Petitioner himself will be removed to Vietnam in the near future.  Thus, this argument fails.  Second, while Respondents declare that "On March 25, 2026, ERO requested a Travel Document from the Consular Section of Vietnam," the Respondents provide minimal information to prove that Petitioner will actually receive this travel document.  [Doc. No. 10-2] at ¶ 11.  As Petitioner notes in his Petition and his Reply, Petitioner is a pre-1995 Vietnamese refugee, and courts have recognized the "historic difficulty in acquiring travel documents from Vietnam for pre-1995 arrivals." *Bui v. Bondi*, No. CIV-26-91-J, 2026 WL 788947, *3 (W.D. Okla. Mar. 20, 2026).  The Respondents' mere conclusory statements regarding Vietnam's travel document issuing process mention nothing about the fact Petitioner is a pre-1995 refugee, or whether ICE has considered this fact. The Respondents' statements are nothing more than general indications, and they do not satisfy § 241.13(i)(2).  *See Nguyen v. Hyde*, 788 F. Supp. 3d 144 (D. Mass. 2025) (holding that scant information regarding ICE's attempt to secure travel documents for the Petitioner does not show changed circumstances exist); *see also Roble v. Bondi*, 803 F. Supp. 3d 766 (D. Minn. 2025).  Thus, this argument fails to show that changed circumstances exist.

Based on the evidence above, the Court holds that the Respondents have failed to meet their burden in proving that at the time of Petitioner's re-detention, changed circumstances had arisen in that there was a significant likelihood of Petitioner's removal in the foreseeable future.  Because of this, ICE violated its own regulations when it re-detained Petitioner.

**b. Release is the appropriate remedy.**

Respondents' argument that immediate release is the incorrect remedy in this circumstance has been "rejected by courts across the country." *Virachak v. Baltazar*, No. 26-CV-00391-STV, 2026 WL 746285, at *4 (D. Colo. Mar. 17, 2026).  The Court further adopts the reasoning set forth in *Khaddaj v. Grant,* No. CIV-26-273-SLP, 2026 WL 1432690, *2 (W.D. Okla. May 21, 2026), where this Court has previously addressed, in a more detailed Order, this issue and concluded that ICE's failure to abide by its own regulations is a deprivation of constitutional protections and the appropriate remedy is immediate release.  Accordingly, the Court concludes that release is the appropriate remedy.

IT IS THEREFORE ORDERED as follows:

1.  The Court DECLINES to ADOPT the Report and Recommendation [Doc. No. 12] and GRANTS the Petition for Writ of Habeas Corpus [Doc. No. 1] to the extent it seeks habeas relief pursuant to 28 U.S.C. § 2241.
2.  Respondents are directed to immediately release Petitioner, subject to the terms of his previous Order of Supervision.

IT IS SO ORDERED this 3rd day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE